Jeffrey D. Ganz
jganz@riemerlaw.com
RIEMER & BRAUNSTEIN, LLP
Seven Times Square
New York, New York 10036
617-880-3568
*ATTORNEYS FOR WELLS FARGO BANK, NATIONAL ASSOCIATION*

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, | Index No: 16-cv-2395 |
| Plaintiff, | **COMPLAINT TO ENFORCE GUARANTY** |
| against | |
| JAY A. JOHNSTON, | |
| Defendant | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## INTRODUCTION

Through these proceedings, the Plaintiff, Wells Fargo Bank, National Association seeks to enforce the terms of an Unconditional Guaranty executed by the Defendant, Jay A. Johnston. The Defendant's personal liability arises from the breach of a commercial Aircraft Lease by the corporate entity he controlled, CIMA Aviacion LLC. The Defendant has acknowledged this liability, but failed to satisfy all amounts due to the Plaintiff. Moreover, the Defendant failed to adhere to the terms of a subsequent agreement which would have reduced the amount of his personal liability.

## PARTIES

1.      The Plaintiff, Wells Fargo Bank, National Association ("Wells Fargo") is a national bank with a usual place of business located at 733 Marquette Avenue, Minneapolis, Minnesota.

2.      Jay A. Johnston ("Johnston") is an individual with a usual place of residence located at 22 Dorado Beach Estates, Dorado, Puerto Rico.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the Defendants and this dispute under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.  In addition, the Defendant has voluntarily subjected himself to the jurisdiction of all courts located within the State of New York in accordance with the terms and provisions of the Unconditional Guaranty underlying this dispute.

4.      Venue is proper in this matter under 28 U.S.C. § 1391(b)(3) because the Defendant has subjected himself to the jurisdiction of all courts located within the State of New York.

## BACKGROUND

5.      CIMA Aviacion, LLC ("CIMA") entered into an Aircraft Lease dated as of January 31, 2008 (the "Lease") with Wachovia Financial Service, Inc. ("Wachovia").  A true and accurate copy of the Lease is annexed to this Complaint as Exhibit A and incorporated into this pleading by reference.  Upon information and belief, CIMA was a single purpose entity created to be the lessee under the Lease.  At all relevant times, Johnston was the principal officer, manager, and owner of CIMA.

6.      Johnston executed an Unconditional Guaranty dated January 31, 2008 (the "Guaranty"), in which he provided a "continuing and unconditional guaranty of payment and performance" of CIMA's obligations under the Lease.  A true and accurate copy of the Guaranty is annexed to this Complaint as Exhibit B and is incorporated into this pleading by reference.

7.      Wells Fargo is the successor in interest to Wachovia Financial Services, Inc. and, as a result, it is the proper party to enforce the terms of the Lease, the Guaranty, and all related contracts, agreements, and obligations.

8.      CIMA defaulted under the terms of the Lease by, among other reasons, failing to pay all amounts as and when due.  CIMA and Johnston acknowledged this default in that certain Agreement dated as of September 27, 2012 executed between and among Wells Fargo, CIMA, and Johnston (the "Deficiency Agreement").   A true and accurate copy of the Deficiency Agreement is annexed to this Complaint as Exhibit C and incorporated into this pleading by reference.  In fact, CIMA and Johnston expressly acknowledged in the Deficiency Agreement that, as a result of CIMA's defaults under the Lease, not less than $13,928,225.83 was immediately due and payable to Wells Fargo as of September 1, 2012.

9.      In the Deficiency Agreement, CIMA and Johnston also agreed to turnover to Wells Fargo the aircraft underlying the Lease and to relinquish their interest in the funds contained in a certain bank account (the "Pledged Account"), the proceeds of which were to be used to reduce the amount due under the Lease.  Johnston was also required to provide Wells Fargo with additional collateral to secure his performance under the Guaranty in the form of a mortgage on certain real estate located in Puerto Rico.

10.      In exchange for this cooperation, Wells Fargo agreed to accept the reduced sum of $2 million from Johnston in full satisfaction of his obligations under the Guaranty.  However, if

Johnston failed to cooperate in the manner required by the Deficiency Agreement or if Johnston failed to make all of the payments required to satisfy the $2 million reduced obligation, then Wells Fargo would not be bound by its agreement to accept the reduced sum and, instead, it would have the right to collect the full amount due under the Lease.

11.     Thereafter, Wells Fargo liquidated the Pledged Account, sold the aircraft, and applied the net proceeds of those assets against the amounts due under the Lease.  In turn, Johnston made several payments due under the Deficiency Agreement.  However, Johnston and CIMA failed to provide Wells Fargo with the mortgage required by the Deficiency Agreement. He also failed to make all payments due under the Deficiency Agreement.

12.     As a consequence, Johnston and CIMA defaulted under the terms of the Deficiency Agreement, thereby allowing Wells Fargo to enforce the terms of the Lease and the Unlimited Guaranty.

13.     After applying all net proceeds, payments, and other amounts received by Wells Fargo after the Deficiency Agreement was executed, a balance remains due under the Lease in excess of $4,900,974.80 plus accrued and accruing legal fees, expenses, and other costs of collection.

14.     Upon information and belief, CIMA is no longer operational and owns no assets.

## CAUSE OF ACTION
### (To Enforce the Guaranty)

15.     Wells Fargo hereby re-alleges by incorporates by reference the allegations contained in Paragraphs 1 through 14 above.

16.     CIMA defaulted on its obligations under the Lease by, among other reasons, failing to make payments as and when due.

17.     Johnston breached the terms of the Guaranty by failing to pay all amounts due to Wells Fargo under the Lease.

18.     Wells Fargo has made demand upon Johnston for the amounts remaining due under the Lease and the Guaranty, but he has failed to comply with that demand.  A true and accurate copy of Wells Fargo's demand letter is annexed to this Complaint as Exhibit D and incorporated into this pleading by reference.

19.     As a result, Johnston is liable to Wells Fargo for all amounts owed under the Guaranty including, without limitation, all accrued and accruing principal, interest, costs, attorneys' fees and other amounts due under the Lease and the Guaranty.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Wells Fargo Bank, National Association, requests the following relief:

1.     That Judgment enter in favor of the Plaintiff, Wells Fargo Bank, National Association,  against the Defendant, Jay A. Johnston, in an amount to be determined by this Court; and

*[Remainder of this page intentionally left blank]*

2.  For such other and further relief as this Honorable Court deems just and proper.

WELLS FARGO BANK, NATIONAL
ASSOCIATION

By its Attorneys,
RIEMER & BRAUNSTEIN, LLP

Dated: March 31, 2016          __/s/ Jeffrey D. Ganz_____ _____
                                            Jeffrey D. Ganz
                                        Riemer & Braunstein LLP
                                        Times Square Tower
                                        Seven Times Square, Suite 206
                                        New York, New York 10036
                                        Tel.:  617-880-3568
                                        jganz@riemerlaw.com